DETERMINED IN THE

## FOURTH DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEARS 1924 AND 1925.

---

## James A. Kratzmeyer et al., Appellants, v. Louis Weissman et al., Appellees.

1. MORTGAGES—*duty of assignee to inquire of mortgagor as to equities.* The assignee of a mortgage takes it subject to all equities existing in favor of the mortgagor to which it was subject in the hands of the assignor, it being the duty of the assignee to inquire of the mortgagor if there is any reason why it should not be paid.

2. FORECLOSURE OF MORTGAGES—*admissibility against assignee of parol evidence of failure of consideration.* In a suit by the assignee of a note and mortgage to foreclose, parol evidence is admissible to show failure of consideration.

3. MORTGAGES—*equities of mortgagor as against unauthorized assignee of trustee.* Where a mortgage and note were executed and given to a trustee to enable such trustee to secure the release of a prior mortgage and get an additional loan on the property but the mortgagee pledged them to plaintiffs for his individual debt, the mortgagor receiving no consideration and doing nothing to mislead plaintiffs who made no inquiry as to whether he had a defense, the loss must fall upon plaintiffs.

Appeal by plaintiffs from the Circuit Court of St. Clair county; the Hon. G. A. CROW, Judge, presiding. Heard in this court at the October term, 1924. Affirmed. Opinion filed December 2, 1924. *Certiorari* denied by Supreme Court (making opinion final).

(305)

M. V. JOYCE and L. P. ZERWECK, for appellants.

POPE & DRIEMEYER, for appellees.

MR. JUSTICE BARRY delivered the opinion of the court.

Oliver Mounts mortgaged certain real estate to Frank Puderer, trustee, for $4,000. The premises were conveyed to Mrs. Schaffner subject to the mortgage. She sold and conveyed to Louis Weissman for $7,750, who was to pay her $3,750 in cash and assume the $4,000 mortgage. Henry T. Renshaw acted as agent for both parties in making the sale and conveyance. Mr. Weissman gave Renshaw a check for $2,750 of the purchase price. He also executed to Renshaw as trustee a mortgage on the premises to secure a $5,000 note. Renshaw was to see Puderer and get him to advance $1,000 more on the property and to release the $4,000 mortgage in consideration of the $5,000 note and mortgage. Renshaw had no authority to use the same in any other way.

Instead of using the note and mortgage for the purpose for which it was given to him Renshaw pledged the note to appellants as collateral security for his individual debt to them. It clearly appears that Weissman received no consideration whatever for the $5,000 note and mortgage.

Appellants brought this suit to foreclose that mortgage and upon the hearing the bill was dismissed for want of equity. The sole contention is that the court erred in so decreeing. The doctrine of an innocent purchaser for value, which applies to commercial paper, has no application to a mortgage, but the assignee of a mortgage takes it subject to all equities existing in favor of the mortgagor and to which it was subject in the hands of the assignor, and it is the duty of the assignee to inquire of the mortgagor if there is any reason why it should not be paid. *King v.*

*Harpster,* 306 Ill. 202. If Renshaw, the mortgagee, were seeking to foreclose the mortgage, Weissman would have a full and complete defense. Appellants stand in no better position.

The owner of real estate gave the contractors a mortgage on the premises to secure the balance of the contract price for the erection of a building, on the promise that he would go ahead and complete the building. The contractors then abandoned the work and sold the mortgage to a third party who sought to foreclose the same. The court said: "The consideration for the notes was the completion of the building by Huberty and Loheinrich. They never performed their agreement but abandoned the work after receiving from the Henry P. Kransz loan a little over $6,000 and from Boss $800. The consideration for the notes therefore failed. The notes were negotiable instruments, and Inman appears to have purchased them in good faith without notice of any defense Boss might have to them. The trust deed, however, was not assignable by the statute or the common law. A person buying a mortgage takes it subject to all the infirmities to which it is liable in the hands of the mortgagee, and in equity the mortgagor is entitled to every defense against the assignee which he could have made against the mortgagee himself (citing several cases). Inman testified he made no inquiry of anyone before buying as to what the notes were given for; that he understood Boss was erecting a building and that the money he paid for the notes was to be put into the building. It seems clear that the consideration for the notes having failed, Boss would have a defense in equity against the foreclosure of the trust deed by Huberty and Loheinrich, and under the authorities above referred to and many others found in our reports he could interpose that defense against Inman. We are of the opinion the circuit court and Appellate Court erred in holding the trust

deed held by Inman was a lien and enforceable.''
*Pittsburgh Plate Glass Co. v. Kransz,* 291 Ill. 84-90.

Appellants argue that the court erred in receiving
parol evidence as to what the consideration was and
that it failed. We know of no rule of law that would
exclude such evidence in a case of this kind. Weiss-
man received no consideration for the note and mort-
gage and did nothing to mislead appellants who made
no inquiry as to whether he had a defense. It was
not accommodation paper and was in Renshaw's
hands for but one purpose. The loss must fall upon
appellants. The decree is affirmed.

*Affirmed.*